IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **MOVEMENT MORTGAGE, LLC** | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| **YASHIKA RONYALE SMITH AND** | § | |
| **UNITED STATES OF AMERICA ON** | § | **3:25-cv-00429** |
| **BEHALF OF THE SECRETARY OF** | § | |
| **HOUSING AND URBAN DEVELOPMENT,** | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Movement Mortgage, LLC ("Movement") complains of Defendants, Yashika Ronyale Smith and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.    PARTIES & JURISDICTION

1. Movement is a limited liability company, and it may be served in this matter through its attorney of record.

2. Defendant Yashika Ronyale Smith, on information and belief, is a resident of Knox County, Tennessee, residing at 1506 Barcelona Dr., Knoxville, TN 37923, and may be served with process at that address.

3. Defendant United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"), may be served with process by sending a copy of the summons and complaint to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, DC 20530, to the Civil Process Clerk for the U.S. Attorney for the Eastern District of Tennessee at 800 Market Street, Suite 211, Knoxville, TN 37902, and to the Secretary of Housing and Urban Development at 451 7th St SW, Washington, DC 20410.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Movement seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

5. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Tennessee or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Tennessee, has purposefully availed itself of the privilege of conducting activities within Tennessee, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of Tennessee, have purposefully availed themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

6. Venue is proper in the Eastern District of Tennessee, Knoxville Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II. BREACH OF CONTRACT

7. On August 6, 2021, Yashika Ronyale Smith ("Borrower") made, executed and delivered to Movement Mortgage LLC a certain Promissory Note ("Note"), in writing, whereby Borrower promised to pay Movement Mortgage LLC or order the amount of $334,823.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, Movement Mortgage LLC indorsed the Note and the same was assigned to Movement.

8. On August 6, 2021, Borrower executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> SITUATED IN DISTRICT NO. SIX (6) OF KNOX COUNTY, TENNESSEE, AND BEING KNOWN AND DESIGNATED AS ALL OF LOT 10, BLOCK F, UNIT 2, SPANISH TRAILS SUBDIVISION, AS SHOWN BY MAP OF SAME OF RECORD IN MAP CABINET E, SLIDE 41C, REGISTER'S OFFICE FOR KNOX COUNTY, TENNESSEE, TO WHICH MAP SPECIFIC REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION.
>
> BEING THE SAME PROPERTY CONVEYED TO YASHIKA RONYALE SMITH, MARRIED FROM JULIANA L. BAILEY, UNMARRIED BY WARRANTY DEED DATED AUGUST 6, 2021, RECORDED AS 202108120011960, IN THE REGISTER'S OFFICE OF KNOX COUNTY, TENNESSEE.

Said real property having a reported mailing address of 1506 Barcelona Dr., Knoxville, TN 37923 ("Property"). By executing the Security Instrument, Defendants granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**.

Movement is the record assignee of the Security Instrument under that certain Transfer and Assignment ("Assignment"). A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

9. The obligation evidenced by the Note and Security Instrument is also hereinafter

referred to as the "Loan."

10. Borrower, to Movement's detriment, has failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. Movement caused to be provided to Borrower proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**. Each occurrence of non-performance by Borrower under the Loan as herein described is a breach thereunder.

11. Borrower's continued breach under the Loan has directly and proximately caused damages to Movement in that amounts due to Movement remain unpaid, and in that Movement is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

12. Borrower has not cured the default described in the Notices of Default. Consequently, Movement has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Movement's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $311,970.11 as of January 1, 2025.

13. For consideration, Borrower promised to repay the Loan in installments. Borrower breached such promise to the detriment of Movement. Thus, and in accordance with Tennessee Code Section 21-1-803, Movement is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III. INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

14. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Mortgage filed and recorded in the Official Public Records of Knox County on December 2, 2024, as Instrument Number: 202412020029169, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5.** This interest is subordinate and inferior to Movement's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

### IV. CONDITIONS PRECEDENT

15. By virtue of filing this Complaint, Movement hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

16. Borrower's failure to comply with this demand entitles Movement to seek foreclosure of the Property.

17. All conditions precedent to the relief requested herein by Movement have been performed or have occurred.

### V. ATTORNEYS' FEES

18. The Loan provides that in the event of foreclosure, and insofar as allowed by Tennessee Code Section 21-1-803, Movement may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Movement because of default or to protect its security interest. Movement has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Movement's security interest in the Loan.

## PRAYER

WHEREFORE, Movement Mortgage LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Movement for Borrower's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of Movement, and for all other relief Court deems appropriate.

DATE: September 8, 2025

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

/s/ Sammy Hooda
Sammy Hooda / TX State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Fax: 972.331.5240
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**MOVEMENT MORTGAGE LLC**